**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHANNON RAGLAND,

    Plaintiff,                        CIVIL ACTION NO. 14-CV-12185

vs.                                     DISTRICT JUDGE NANCY G. EDMUNDS

                                        MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Shannon Ragland, proceeding pro se, filed her Complaint in this matter seeking judicial review of Defendant the Commissioner of Society Security's determination with regard to her Social Security benefits under 42 U.S.C. § 405(g). (Docket no. 1.) Although initially denied, Plaintiff's request for benefits was granted after a hearing held by Administrative Law Judge (ALJ) James N. Gramenos. (TR 19-25.) Plaintiff seeks additional benefits for the time before her alleged onset date of July 20, 2011. (Docket No. 1.)

On August 5, 2014, the Court entered a Scheduling Order directing Plaintiff to file a Motion for Summary Judgment on or before September 20, 2014. (Docket no. 13.) On December 5, 2014, with no motion filed, the Court entered an Order to Show Cause requiring Plaintiff to file her Motion or explain why she had failed to do so no later than December, 22, 2014. (Docket no. 15.) On December 22, 2014, Plaintiff sent the Court a letter explaining that she thought she was required to come to Court on September 20, 2014, and noting that she had been trying to find an attorney to help her in this matter, but she had been unable to do so. (Docket no.

16.) The Court vacated its Order to Show Cause, but to date, Plaintiff has filed no Motion. (Docket no. 17.) On January 22, 2015, Defendant filed a Motion for Summary Judgment. (Docket no. 18.) Plaintiff did not respond.

Before the Court is Defendant's Motion for Summary Judgment. (Docket no. 18.) The motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I. Recommendation

The undersigned recommends that Defendant's Motion for Summary Judgment (docket no. 18) be GRANTED and that this matter be dismissed in its entirety.

## II. Procedural History

Plaintiff filed application for Disability Insurance Benefits and Supplemental Security Income benefits with protective filing dates of July 26, 2011, alleging that she had been disabled since July 20, 2011, due to lupus, osteoarthritis, a rotator cuff injury, asthma, mitral valve calcification, and obesity. (*See* TR 19, 21.) The Social Security Administration denied benefits. (*See* TR 19.) Plaintiff requested a *de novo* hearing, which was held on July 30, 2012, before ALJ Gramenos, who subsequently found that Plaintiff was entitled to benefits beginning on her alleged onset date. (TR 19-25.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. As noted, Defendant filed a Motion for Summary Judgment, but Plaintiff did not.

## III. Plaintiff's Testimony and Medical Evidence

The ALJ set out a detailed factual recitation with regard to Plaintiff's medical record and

2

hearing testimony. (TR 21-23.) Plaintiff has not challenged the ALJ's factual determination in this matter; indeed, the ALJ found in Plaintiff's favor. Moreover, as discussed herein, Plaintiff's claim turns on a matter of law. Thus, a detailed factual account of Plaintiff's medical records and hearing testimony is unnecessary.

## IV. Administrative Law Judge's Determination

The ALJ found that Plaintiff had not engaged in substantial gainful activity since July 20, 2011, her application date, and that she suffered from severe "(1) systemic lupus erythematosus, (2) bilateral knee osteoarthritis, (3) rotator cuff syndrome, (4) asthma, (5) mitral valve calcification, and (6) obesity." (TR 21.) The ALJ then found that her impairments did not meet or equal those listed in the Listing of Impairments. (TR 21.) The ALJ found, however, that Plaintiff had the remaining residual functional capacity "to perform sedentary work although not on a sustained basis." (TR 21-23.) The ALJ found that under the medical vocational guideline rules, Plaintiff could not perform a significant number of jobs in the national economy. Therefore, Plaintiff had been under a disability since her alleged onset date. (TR 24.)

## V. Law and Analysis

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

3

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**B.     Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)     Plaintiff was not presently engaged in substantial gainful employment; and

(2)     Plaintiff suffered from a severe impairment; and

(3)     the impairment met or was medically equal to a "listed impairment;" or

(4)     Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past

work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

    **C.    Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff, however, does

5

not argue that the ALJ failed to properly apply the framework or that he erred in any way; indeed, any such claim would aver to Plaintiff's detriment. Instead, Plaintiff asserts that because she has been suffering from lupus since at least 2003, the ALJ should have awarded her benefits from before her alleged onset date. (*See* docket no. 1.)

As Defendant correctly notes, and Plaintiff acknowledges, Plaintiff filed applications for social security benefits several times before her July 26, 2011 filing, the last of which was denied on July 19, 2011, the day before her current alleged onset date. (*See* TR 19.) Plaintiff did not appeal her earlier denial of benefits. (*See* docket no. 18 at 6.) And as the Sixth Circuit has held, "earlier decisions of the Secretary that were not appealed are final and binding." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230 (6th Cir. 1993) (citing 20 C.F.R. § 404.955). And although the regulations give the ALJ the discretion to reopen a prior claim, *see* 20 C.F.R. § 404.988(b), the ALJ was under no obligation to do so.

Although Plaintiff cites to a myriad of hardships caused by her lack of financial resources, she has provided no legal authority to set aside (or amend) the ALJ's determination under the regulations. Therefore, Defendant's Motion should be granted, and this matter should be dismissed in its entirety.

## VI. Conclusion

For the reasons stated herein, Defendant's Motion for Summary Judgment [18] should be GRANTED. This matter should be dismissed in its entirety.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided

for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 19, 2015        s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record, and on Plaintiff Shannon Ragland, on this date.

Dated: May 19, 2015        s/ Lisa C. Bartlett
                           Case Manager

7